FILED
SUPERIOR COURT
OF GUAM

2014 MAY -1 AM 8: 59

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT
OF GUAM**

SCOTT K. MOYLAN )  Civil Case no. CV1537-09
)
Plaintiff, )
)
vs. )  **DECISION AND ORDER**
)
ANZ Guam, Inc. (formerly known as )
Citizens Security Bank), DOE Corporations )
1-5, and JOHN DOES 1-5, )
)
Defendants. )
)

**INTRODUCTION**

This matter came before the Honorable Judge Michael J. Bordallo on March 28, 2014, on Defendant's ANZ Guam Inc. (hereafter Defendant) Motion for Summary Judgment and Motion to Strike. Plaintiff was represented by Attorney Curtis C. Van de veld. Defendant ANZ Guam Inc. (hereafter Defendant) was represented by Attorney Duncan G. McCully. After considering the matters presented, the Court now issues the following decision and order granting Defendant's motion for summary judgment.

**BACKGROUND**

This action stems from Plaintiff's October 16, 2009 Complaint for: 1) Wrongful Termination; 2) Fraud; 3) Civil Conspiracy; 4) Retaliatory Discharge; 5) False Light Invasion of Privacy; 6) Negligence; 7) Intentional Infliction of Emotional Distress; and 8) Negligent Infliction of Emotional Distress. On August 21, 2013, the Court entered an order dismissing Plaintiff's first cause of action, wrongful termination, counts one, two, three, and four.

ORIGINAL

**Defendant's Second Motion for Summary Judgment**

On February 14, 2014, Defendant filed its memorandum in support of its second motion for summary judgment. In its papers Defendant requests that the Court enter an order finding that Plaintiff's remaining seven causes of action should be dismissed. In its memorandum Defendant first attempts to incorporate by general reference pages 2-22 of its February 6, 2012, motion for summary judgment. It also asserts and argues in its first footnote that Court's finding in paragraph 15, of undisputed facts portion of its August 21, 2013 Decision and Order was made in error.

**I.**

As to Plaintiff's fraud cause of action Defendant lists the essential elements of fraud and argues and asserts that Plaintiff is unable to produce by affidavit or otherwise any facts to support a claim for fraud. It asserts that there is no evidence that Plaintiff relied upon the Defendant-represented reasons for his termination and that reliance caused Plaintiff harm. Defendant argues that while Plaintiff may have suffered damage from his termination this alone does not create a cause of action for fraud. It further argues that there is no evidence that the reason for Plaintiff's termination was Plaintiff's investigating and revealing information about his grandparents' accounts. Defendant asserts that its affidavits support a finding that Plaintiff was terminated for informing a non-bank employee that its executive employees, Larry Butterfield, Richard Northey, and Franklin Remo, had received and cashed checks for their shares of stock in Citizen's Security Bank.

**II.**

Defendant argues that Plaintiff's fourth cause of action for retaliatory discharge must fail because the Court has already held that Plaintiff's cause of action for wrongful termination should be dismissed. In support of this argument Defendant cites to a case decided by the

Supreme Court of Wyoming where the court held that retaliatory discharge and wrongful termination were the same cause of action. Defendant also argues and requests that Plaintiff's causes of action for bad faith and the breach of the covenant of good faith and fair dealing should not be recognized by the Court in an at-will employment situation. In support of this argument Defendant cites to a December 30, 2005 decision and order issued by this Court which declined to extend a good faith and fair dealing cause of action to the termination of an at-will employee.

**III.**

Defendant next addresses Plaintiff's fifth cause of action, false light and invasion of privacy. Citing a 1998 U.S. Federal Circuit Court of Appeals matter, Defendant argues that Plaintiff is unable to assert any facts which sufficiently establish the following necessary elements: 1) the defendant placed the Plaintiff in a false light before the public; 2) the false light would be highly offensive to a reasonable person; and 3) the defendant acted with knowledge of or reckless disregard for the falsity of the statements. Defendant asserts that several U.S. Federal cases have held that the first element requires a showing that the matter be communicated to the public at large. In this case Defendant asserts that the only communication it made concerning the Plaintiff's termination was an October 19, 2007 email sent to all employees which only indicated Plaintiff's departure and did not identify any specific reasons for it. Defendant argues that this is insufficient to meet the first public element.

**IV.**

As to Plaintiff's sixth cause of action, negligence, Defendant argues and asserts that there are no disputed facts that might support a finding that it breached its duty not to disclose the reasons it terminated Plaintiff. In the alternative, it argues that it owed Plaintiff no such

duty. In support of these arguments Defendant cites to the Guam Supreme Court's decision in *Quijano v. Atkins-Kroll*, 2008 Guam 14 ¶ 7 and a 2005 decision issued by this Court, in Superior Court of Guam Case No. CV1890-92. Defendant argues that both of these cases explain that a cause of action for negligent discharge should not arise from a person's termination of their at-will employment. Defendant also asserts that Plaintiff has failed to set forth a claim upon which relief can be granted.

**V.**

Defendant next addresses Plaintiff's seventh cause of action, intentional infliction of emotional distress. Citing a U.S. Federal District Court of Guam's 2005 decision Plaintiff argues that the necessary elements for this cause of action are: 1) extreme and outrageous conduct by the defendant; 2) intention to cause or reckless disregard of the probability of causing emotional distress; 3) severe emotional distress on the Plaintiff's part; and 4) actual and proximate causation of that emotional distress. Defendant argues that these elements have previously been relied upon by this Court in a Superior Court of Guam Case No. CV1518-07 February 21, 2011, decision and order regarding summary judgment. In that case the Defendant argues that the Court emphasized the first element, explaining that facts supporting a finding of extreme and outrageous conduct must exceed the bounds tolerated by decent society and go beyond all possible bounds of decency. Defendant argues that the Court has previously held that actions taken in pursuit of its own legal rights cannot create a cause of action for intentional infliction of emotional distress.

Under the above standard Defendant argues and asserts that there are no disputed issues of material fact which might support the consideration of Plaintiff's seventh cause of action. It asserts that Plaintiff's termination was simply the result of its acting in a businesslike manner to enforce its proscribed regulations and internal policies. Alternatively Defendant argues that

even if Plaintiff's allegations were taken as true they could not sufficiently constitute the alleged tort. It asserts that Plaintiff is unable to identify any facts which evince its intention to cause harm.

**VII.**

Defendant argues that the Plaintiff's eighth cause of action for negligent infliction of emotional distress should be dismissed because Plaintiff cannot assert any facts to support the required elements. In support of this argument Defendant cites to the Guam Supreme Court's 1999 decision where it held that necessary factual elements must show that the tortfeasor: 1) acted in an extreme and outrageous manner; and 2) should have realized that his conduct posed an unreasonable risk of causing distress that might result in illness or bodily harm. Defendant argues and asserts that Plaintiff is unable to assert any facts to support a material issue under the above standard. It argues that its actions were neither extreme nor outrageous but accomplished after a private and thorough investigation. Defendant also reasserts that it did not owe Plaintiff a duty of care.

**VIII.**

As to Plaintiff's third cause of action, civil conspiracy, Defendant argues that as a matter of law this claim should be dismissed. In support of this argument Defendant reasons that because Plaintiff only named one party, Defendant ANZ, he cannot factually establish the objective of conspiracy. Defendant argues that a conspiracy between ANZ and its employees, officers and directors, is impossible because, its individual employees were not served and are immune from liability. Citing to this Court's decision in Superior Court of Guam Case No. CV0390-10, Defendant argues that the elements for civil conspiracy are: 1) formation of the conspiracy; 2) operation of the conspiracy; and 3) damage resulting from the operation of the conspiracy. Defendant argues and asserts that there are insufficient facts to support any

material dispute of these elements. Defendant reasons that it is axiomatic that a cause of action for conspiracy must be asserted against more than one person and that Plaintiff has failed to establish that Defendant committed any wrongful act when terminating Plaintiff's employment.

**Plaintiff's Opposition to Second Motion for Summary Judgment**

Plaintiff filed his opposition to Defendant's second motion for summary judgment on March 13, 2014. In it he begins by identifying a list the facts he asserts are disputed and material to the remaining issues:

1) Plaintiff detected and caused the suspected theft of CSB depositors to be reported to: a) the Banking Commissioner of Guam; b) the Office of the Public Guardian; and c) Adult Protective Services;

2) The suspected theft involved a series of transactions that resulted in $1,500,000.00 being taken from the depositors;

3) The two caretakers suspected of wrongfully taking the depositors' funds were the Defendant bank's chairman's siblings;

4) Frank Remo, the Defendant bank's security officer, was given a September 17, 2007 letter by the Defendant's investigators that indicated that Plaintiff had reported the suspected theft to the Banking Commissioner; b) the Public Guardian; and c) Adult Protective Services; the investigation was prompted by the September 17, 2007 letter; the letter was given to Frank Remo whilst investing the alleged theft;

5) Frank Remo gave the September 17, 2007 letter to the Defendant bank's official Ken Kent between September 17, and 30, 2007;

6) Frank Remo was prohibited from participating in the investigation; he deemed this prohibition as improper;

7) Two weeks after the letter was known by Defendant, Plaintiff was terminated October 19, 2007 for purportedly releasing confidential information to shareholder Troy Moylan; Troy Moylan is the Defendant Bank Commissioner's son and Bank Shareholder;

8) The actual reason for Plaintiff's termination was misrepresented to him and the actual reason for his termination was because he reported the suspected theft; and

9) The Superior Court of Guam ordered that the approximate $1,500,000.00 amount be deposited into accounts bearing only the names of the two original depositors and that the suspected Defendant bank's chairman's siblings' names be removed from those accounts.

**I.**

Plaintiff argues that these assertions establish a disputed issue of material fact of whether he was terminated for reporting the suspected theft of funds or for releasing information to shareholder Troy Moylan. Listing the elements of fraud, Plaintiff argues that these disputed issues require the denial of summary judgment as to his action for fraud. Plaintiff asserts that his termination caused him the following harms: 1) loss of $6,136.50 in one month's income; 2) reduction of $13,638.00 in annual income for three years; and 3) the loss of professional reputation and potential future employment that a termination for cause may incur.

**II.**

In support of his civil conspiracy cause of action Plaintiff asserts that two or more persons worked together to fabricate a reason to terminate him. He asserts that "he was not terminated for releasing information to shareholder Troy Molan, but for another reason." Opp. at 7. Plaintiff identifies the conspirators as, Ken Kent, Larry Butterfield, and the bank's Chairman. He asserts that Frank Remo's exclusion from the investigation and a statement from the bank Chairman that "he would not do anything to protect the depositors, after being informed about the situation," are evidences of a conspiracy. Opp. at 7-8. He argues that existing family relationships between the Defendant bank's Chairman and Troy Moylan discredit the Defendant's stated reason for Plaintiff's termination. He reasons that these facts create a disputed issue that require the denial of summary judgment as to his claim for civil conspiracy.

**III.**

In support of his claim of retaliatory discharge Plaintiff argues that a genuine issue of material fact exists about whether his discharge was in retaliation for his reporting the

suspected theft of funds to some of the relevant Guam authorities. He argues that the facts evidencing this retaliatory discharge are: the proximity in time between the Defendant's awareness of his reports; and his termination and the probate court's order that the funds be returned. He asserts that his report to Guam Adult Protective Services was made on June 6, 2006, and argues that it falls within the public policy exception to at-will employees created by Guam Supreme Court in *Ramos v. Docomo Pacific, Inc.*, 2012 Guam 20 ¶¶ 11-14. Citing a 2000 decision issued by the Supreme Court of Iowa, Plaintiff argues that he has presented adequate evidence that a lack of justification for termination can be inferred. Opp. at 18.

**Defendant's Reply**

On March 27, 2014, Defendant filed its reply. In it Defendant argues that Plaintiff's opposition ignores the Court's February 12, 2014 decision denying reconsideration and fails to address four of the causes of action which its papers requested be dismissed. It further reasserts that the causes of action for retaliatory discharge and wrongful discharge are should be analyzed under the same standard. To support this joining Defendant replies that Plaintiff has mischaracterized Guam case law and was not able to identify a case that applied a different or distinguishable standard to either. Citing the Court's August 21, 2013 decision, the Defendant argues that because the Court summarily dismissed Plaintiff's wrongful termination charge it should also dismiss Plaintiff's claim for retaliatory discharge.

Defendant further argues that Plaintiff's request that the Court reconsider for the second time its August 21, 2013 decision should be denied. In support of this argument Defendant argues that Plaintiff's request fails to meet the reconsideration requirements of the Court's local rules. It further argues and asserts that Plaintiff fails to identify any admissible material fact which rebuts Defendant's evidences that Plaintiff's report to Guam Adult Protective Services was not a factor in its decision to terminate Plaintiff's employment.

As to Plaintiff's claim for fraud and damages, Defendant reasserts its argument that Plaintiff cannot show 1) reliance upon a misrepresentation or 2) how his reliance caused him damage. Defendant argues that Plaintiff's loss of one month's salary and temporarily smaller wage were not a result of a reliance upon a misrepresentation by Defendant, which Plaintiff contrarily asserts he never believed, but rather the consequences of losing employment.

Defendant reasserts its argument that an action for civil conspiracy requires evidence of two or more conspirators. Citing the principals of agency and the parties to this action, Defendant argues that Plaintiff has failed to assert any facts upon which a court might find it conspired with another to commit a wrongful act.

**UNDISPUTED FACTS**

In its August 21, 2013 decision and order the Court found that the facts listed below were undisputed. In this second motion for summary judgment the Parties have failed to sufficiently set forth any additional material facts or, under the appropriate standard, show that the Court's previous findings were made in error. Accordingly, as in its prior order, the Court finds that it is undisputed that:

1. Plaintiff, in the course of his employment as a comptroller for Defendant's bank became aware of the potential unlawful taking of his grandparents' monies by their caretakers on or about May 24, 2007. Def.'s Declaration of G. McCully Ex. 1. at 24-28.

2. Without the permission of his grandparents' caretakers, Leialoha Alston and Francis Moylan Jr.'s, Plaintiff accessed their personal bank account information and the account information of his grandparents. *Id.* at 99

3. Plaintiff disclosed this information to his brother, Attorney Douglas Moylan, who disclosed it to their father Richard Moylan. *Id.* at 99 and Pl.'s Depo. at 29-30.

4. On May 31 and June 6, 2007, Doug and Richard Moylan met with the Guam Adult

Protective Services Public Guardian to disclose the personal bank account information of his parents and their caretakers and their suspicion of abuse. Doug Moylan Dep. at 42.

5. On June 26, 2007, Doug and Richard Molyan filed a Verified Petition for Appointment of Guardian for Plaintiff's grandparents because the Plaintiff's attorney determined that the Guam Public Guardian wasn't moving fast enough. Doug Molyan Dep. at 40-41.

6. The Guam Public Guardian did not file a petition on behalf of the grandparents.[1]

7. The personal account information of the grandparents and their caretakers were used in the guardianship proceedings. Doug Moylan Dep. at 37.

8. The guardianship court did not find that the grandparents' caretakers had acted with ill or deceitful motives. It ordered that the grandparents' monies that had been placed in the caretakers sole names be placed back into the sole names of the grandparents. Pl.'s March 30, 2012, Opp. Ex. 1 at 12 and 22.

9. On July 24, 2007, Plaintiff sent an email to Troy K. Moylan revealing the amounts that several executive bank employees had received as compensation for a business deal and indicating that those amounts had been cashed and that the compensation was too much money. Mot. at Ex. 16.

10. On September 17, 2007, Defendant received a letter from Plaintiff's cousin, Leialoha Moylan Alston complaining that Plaintiff was improperly accessing and using her banking information in his father's guardianship petition for his grandparents. Mot. at Ex. 1.

11. Upon receiving the complaint Defendant conducted an internal investigation of the September 17, 2007, complaint. Dec. Russell Smith at ¶ 12. The investigation revealed that Plaintiff was accessing customer accounts for a non-business purpose. *Id.* at 14. This access

---

[1] After reviewing the public record in SP110-07, SP104-07, SP105-07, SP106-07, and 111-07 the Court takes judicial notice of this fact.

violated the Defendant bank's privacy policy. *Id.* at 9. Pl.'s Dep. Nov. 10, 2011, Ex. 23.

12. The investigation also revealed that Plaintiff had emailed a non-bank employee the account transaction details of his supervisors and expressed his opinion about whether their compensation amounts were too much money. Mot. Ex. 16.

13. Defendant's internal investigation findings concluded that Plaintiff 1) Accessed customer financial information without a legitimate business purpose; and 2) Disclosed confidential financial information to persons outside the bank. Smith Dec. at 11-12. Plaintiff's immediate termination was recommended. Pl.'s Dep. Nov. 10, 2011, at Ex.s 23 and 25.

14. On October 19, 2007 Plaintiff was given the opportunity to explain the conduct that was revealed in the bank's internal investigation. Plaintiff indicated that he had no comment and was given a letter of summary dismissal terminating his employment. Compl. at Ex. B.

15. On September 17, 2007, Defendant received a letter from Richard Moylan informing it in general terms of Plaintiff's report to Guam Adult Protection services prior to his termination. Decl. of Counsel re: Faxed Aff. of Franklin Remo. Ex. A.

16. In 2002 F. L. and Yuk Lan Moylan were diagnosed with Alzheimer's disease. Opp. Ex. 1 at 4-5.

## DISCUSSION

On February 15, 2014, Defendant, upon receiving permission from the Court, filed its second motion for summary judgment. Its second motion requested a summary dismissal of Plaintiff's seven remaining causes of action. This request was opposed by Plaintiff.

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law. Guam R. Civ. P. 56(c). *Iizuka Corp. V. Kawasho International, (Guam), Inc.*, 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7; *Iizuka*, 1997 Guam 10 ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, 2000 Guam 27 ¶7; Guam Top, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-323 (1986) (internal citations omitted). A genuine issue precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *M Electric Corporation v. Phil-Gets (Guam) International Trading Corporation*, 2012 Guam ¶ 11.

**Fraud**

In 2004 the Guam Supreme Court reiterated that, "[t]he elements of fraud include: 1) a misrepresentation; 2) knowledge of falsity (or scienter); 3) intent to defraud to induce reliance; 4) justifiable reliance; 5) resulting damages. The absence of any of these required elements will preclude recovery." *Wilkinson v. Jones*, 2004 Guam 14 ¶18. Defendant correctly argues and asserts that Plaintiff has not produced evidence of his reliance upon its alleged misrepresentation. Mot. at 4-7. Absent this the Court is unable to deny Defendant's request that this count be dismissed. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶7 (If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading).

**Civil Conspiracy**

In 2006 the U.S. Federal Ninth Circuit Court of Appeals, citing established federal case law explained that, "[t]o state a cause of action for conspiracy, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). As commonly explained this first formation element requires facts showing "a group of two or more persons who agreed to a common plan or design to commit a tortious act." *Rockridge Trust v. Wells Fargo, N.A.*, 2013

WL 5428722 *32 (N.D. Cal 2013).

Here Defendant alleges that Plaintiff has failed to assert any facts which might support a finding of the formation element of civil conspiracy. Mot. at 18-20. Defendant argues that because Plaintiff failed to name any other co-conspirator parties and the principles of agency, the first element of conspiracy cannot be satisfied. *Id.* A review of U.S. Federal law reveals a common finding supporting this argument; "a corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself." *L.L. Nelson Enterprises, Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012). Under the appropriate standard Plaintiff fails to assert any fact to support a finding that a conspiracy was formed. *Id.*

**Retaliatory Discharge**

Specifically, the Guam Supreme Court has yet to recognize or analyze retaliatory discharge as a cause action. A review of U.S. Federal Circuit Courts reveals that causes of action for retaliatory discharge and wrongful termination are often reviewed under the same or similar standards. *Sandberg v. KPMG Peat Marwick, L.L.P.*, 111 F.3d 331, 334 (2nd Cir. 2002). In 2002 the U.S. Federal Claims Court held that either action required that an employee "establish that she has been discharged; second, she must demonstrate that her discharge was in retaliation for her activities; and finally, she must show that the discharge violates a clear mandate of public policy." *Barlow v. U.S.*, 53 Fed.Cl. 667, 684 (Fed. Cl. 2002).

In December of last year the Guam Supreme Court similarly interpreted Section 55404 to include a exception for wrongful termination. *Ramos v. Docomo*, 2012 Guam 20 ¶¶ 1 and 13. The *Ramos* Court held,

> [a]n at-will employee cannot be terminated if such termination would be counter to public policy. To prevail under this public policy exception, an employee must prove that:
> 1. [A] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the

clarity element);

2. [D]ismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element);

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and

4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Id.* at ¶ 1. Based upon the Supreme Court's analysis in *Ramos* the Court is not persuaded that it would apply a different analysis to a claim for retaliatory discharge. *Id.* Accordingly in light of persuasive application of other jurisdictions and the absence of differentiating facts, the Court finds that to obtain relief in a wrongful termination or retaliatory discharge an at-will employee a must establish each of the above four elements. *Id.* at 13. Reviewing Plaintiff's action under this standard the Court finds it similarly fails. There is no disputable issue of material fact about whether Plaintiff failed to immediately cause a verbal report to be made to Guam Adult Protection Services. Plaintiff's report was made seven days after discovery. Likewise there is no evidence of a written report, made within 48 hours and containing the six requirements of Section 2952. Absent this, the Court, as in *Ramos,* must dismiss Plaintiff's claim for retaliatory discharge.

In making this finding the Court relies on the Guam Supreme Court's decision in *Quijano v. Atkin-Kroll,* Inc., 2008 Guam 14 ¶ 30. In that decision Guam's Supreme Court recognized the potential of reducing at-will employment to a legal fiction. As such, until such time as the Guam Legislature acts to further broaden its policies or limit its recognition of at-will employment, facial exceptions to these laws should be reasonably limited.

The Court has found that it is undisputed that on September 17, 2007, Defendant received a letter from Richard Moylan informing it, in general terms, of Plaintiff's report to Guam Adult Protection services prior to his termination. Faxed Aff. of Franklin Remo. Ex. A.

However, even when reviewed in the light most favorable to the Plaintiff, the Court cannot find that this, nor the existing familial relationships, create a sufficient question of fact, under appropriate standard, to find that the Defendant's bank executives were aware of this memo or that it factored into their decision to terminate Plaintiff. *Bank of Guam v. Flores*, 2004 Guam 25. To so find would open Guam's summary judgment standard to a level of unhealthy speculation which would prolong unsupportable litigation and harm the judicial economy of its litigants.

**False Light Invasion of Privacy**

A review of the U.S. Federal and State case law reveals that an action for false light and invasion of privacy requires a sufficient factual showing to support finding of "(1) publicity, (2) that places the plaintiff in a false light, (3) that is 'highly offensive to a reasonable person,' and (4) that the defendant knew of or acted with reckless disregard to the 'falsity of the publicized matter and the false light in which the other would be placed.'" *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 601 (6th Cir 2013). In this case, Defendant correctly argues and asserts Plaintiff is unable to assert or create a disputed issue of material fact as to the first and last of the required elements. Mot. at 10-12. Absent this, the Court is unable to deny Defendant's request that this count be dismissed. *Edwards*, 2000 Guam 27 ¶7 (If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading).

**Negligent Discharge**

In 2008 the Guam Supreme Court explained that the majority of jurisdictions "a "covenant of good faith and fair dealing ... cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement . . . . [and] negligent discharge would not be an actionable claim absent an employment agreement." *Quijano v. Atkins-Kroll, Inc.*, 2008 Guam 14 ¶ 2 Fn 2 (citations omitted). In this case it is undisputed that Plaintiff was an at-will employee. Accordingly under the instruction of the Court in *Quijano* the Court is unable to find that Plaintiff has asserted sufficient facts to create a material issue of disputed fact as to his sixth cause of action. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7

**Intentional Infliction of Emotional Distress**

In 1992, the District Court of Guam explained that an actionable claim for intentional infliction of emotional distress requires a showing of conduct which exceeds the bounds usually tolerated by decent society. *Abuan v. General Elec Co.*, 1992 WL 535958, *5 (D. Ct. Guam 1992). The court explained that the statement must be of a nature which is especially calculated to cause and does cause, mental distress of a very serious kind. *Id.* Furthermore, the court must first find from the statements or actions themselves that the only reasonable conclusion exceeds the bounds usually tolerated by decent society. *Id.* In this case the Court is not persuaded that Plaintiff has asserted sufficient facts to create a disputed issue of material fact that above standards have been met. *Id.*

**Negligent Infliction of Emotional Distress**

In 1999 the Guam Supreme Court held, "[t]o recover for negligent infliction of emotional distress, a complainant must show; a) the tortfeasor acts in a manner that is extreme and outrageous; and b) that the tortfeasor should have realized that his conduct posed an

unreasonable risk of causing distress that might result in illness or bodily harm." Under the above findings of undisputed fact the Court is unable to find that a material issue of disputed fact remains as to this cause of action. *Edwards*, 2000 Guam 27, ¶7. Accordingly a summary judgment dismissing this action must be entered as a matter of law. *Flores*, 2004 Guam 25.

## CONCLUSION

For the reasons set forth above Defendant's second motion for summary judgment is granted. Plaintiff's remaining causes of action are hereby as a matter of law dismissed and judgment entered for Defendant as to all remaining causes of action.

SO ORDERED, this _____30_____ day of _____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
C. VAN De VOLD
D. McCully
Date: 5/1/14 Time: 9 AM

Deputy Clerk, Superior Court of Guam